RECEIVED
IN LAKE CHARLES, LA

AUG - 4 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20132 |
| VS. | : | JUDGE MINALDI |
| MARCUS KEITH CELESTINE | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court are the defendant's objections to the 1st and 2nd Addendums to the Presentence Report ("PSR").

The defendant's first objection was to the inclusion of one kilogram of crack in the Guidelines calculation. Probation subsequently revised the PSR to delete this one kilogram and to hold Celestine accountable for 769 grams of crack.

In the second set of objections, the defendant notes that the federal hold was placed upon him on June 2, 2005. This does not affect the calculation of the guideline range and no ruling is required.

Celestine objects to the inclusion of the 500 grams of crack mentioned in the recorded conversation of August 21, 2004, as he signed a Kasitgar letter. The Kastigar letter was not executed until August 3, 2007. Any statements made or evidence gathered prior to that date would not be affected by the Kastigar letter. This objection is overruled.

Celestine also argues that the four level enhancement in ¶32 is not justified and the assignment of Criminal History Category VI is not appropriate. The possession of cocaine with intent to distribute and the distribution of cocaine convictions were not separated by an intervening

arrest. These are considered as two prior felony convictions involving controlled substances. Pursuant to §4B1.1, Celestine has properly been considered a career offender and his Criminal History category is VI. This objection is overruled.

Lake Charles, Louisiana, this ⟍⟍ day of July, 2008.


PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE