RECEIVED
IN LAKE CHARLES, LA

OCT - 8 2009

TONY R. MOORE, CLERK
BY_____
    DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:05 CR 20132-001 |
| VS. | : | JUDGE MINALDI |
| MARCUS KEITH CELESTINE | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Presently before the court is the defendant's Motion to Correct, Set Aside or Vacate [doc. 158] his sentence pursuant to 28 U.S.C. §2255. The Government filed an Opposition [doc. 165] and the defendant filed a Reply [doc. 169]. The defendant is seeking to have his sentence vacated and to be resentenced pursuant to a sentencing scheme which would consider the ratios for crack cocaine and cocaine equal.

Procedural History

On October 24, 2007, the defendant pleaded guilty to Count One of a superseding indictment charging him with conspiracy to possess with intent to distribute cocaine base or crack. [doc. 99-100].

On August 4, 2008, the court granted the defendant's oral motion for a downward departure. The defendant was sentenced to 240 months imprisonment.[1]

The defendant did not file a direct appeal.

Facts

The factual basis for the guilty plea indicates that the defendant had been involved in distributing large amounts of crack cocaine in the Lake Charles region between 2003 and 2005 [doc. 103]. The PSR indicates that the cocaine base that the defendant distributed, along with other types of drugs, converted to

---

[1] The Presentence Report ("PSR") indicated that the defendant's base offense level was 35. His criminal history category was VI. The guideline range was 292 to 365 months. (PSR ¶77).

11,911.18 kilograms of marijuana, which resulted in a base offense level of 36. This base offense level was increased by two levels for possession of a firearm and was reduced by three points for acceptance of responsibility. The total offense level was 35. [PSR ¶¶ 24-35].

## Law and Analysis

The defendant requests that the court vacate his sentence and resentence him as if the penalties for cocaine powder and cocaine base were the same. This claim is not cognizable.

The only issues cognizable under 28 U.S.C. § 2255 are jurisdictional and constitutional issues, and in rare circumstances non-constitutional and non-jurisdictional errors, not raised on appeal, which could result in a "complete miscarriage of justice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1996); *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

Collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Frady*, 456 U.S. 152, 102 S. Ct. 1584, 71 L.Ed.2d 816 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991) *(en banc)*. Even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir.1994) ( citing *Shaid*, 937 F.2d at 232); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir.1995). Celestine has not established cause and prejudice.

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief under § 2255 if there is a constitutional error which would result in a complete miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-96, 106 S. Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); *Bousley v. United States*, 523 U.S. 614, 620-2, 118 S. Ct. 1604, 1610-1611, 140 L.Ed.2d 828 (1998); *United States v. Ward*, 55 F.3d 412, 414 (5th Cir. 1995); *Shaid*, 937 F.2d at 232; *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992);

*United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent. *Shaid*, 937 F.2d at 232; *United States v. Williams*, No. 05-30014-01, 2008 WL 5532099, *2 (W.D.La. 12/04/2008). Celestine does not allege actual innocence.

In this case, Celestine did not file a direct appeal.[2] He is not arguing that his guilty plea was deficient, nor is he arguing ineffective assistance of counsel. The defendant is requesting that his sentence be vacated in light of the Department of Justice internal policies and a district court ruling from the District of Columbia which applied a 1:1 crack to powder ratio in determining the applicable sentence. *United States v. Lewis*, 623 F.Supp.2d 42 (D.D.C. June 9, 2009). *Lewis* is not binding precedent and, even if it were, it does not provide a basis for relief under § 2255.

Accordingly, for the reasons stated herein, the defendant's §2255 motion will be denied.

Lake Charles, Louisiana, this 7 day of October, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[2] Celestine argues that he and his counsel believed that he had a Rule 35 agreement with the Government. Based upon this belief, he did not file a direct appeal on advise of counsel.

3